UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ANGELA CEFARILLI,

                              Plaintiff,

v.

NANCY A. BERRYHILL,[1] ACTING COMMISSIONER
OF SOCIAL SECURITY,

                              Defendant.

Case # 16-CV-6736-FPG

DECISION AND ORDER

Angela Cefarilli ("Cefarilli" or "Plaintiff") brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

Both parties have moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 9, 13. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

On June 18, 2013, Cefarilli protectively applied for SSI with the Social Security Administration ("the SSA"). Tr.[2] 178-88. She alleged that she had been disabled since April 4, 2013 due to lower back pain, right knee issues, chest tightness, shortness of breath, panic attacks,

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).
[2]     References to "Tr." are to the administrative record in this matter.

1

anxiety, paranoia, and bipolar disorder. Tr. 201. On June 18, 2015, Cefarilli and a vocational expert ("VE") appeared and testified at a hearing before Administrative Law Judge Brian Kane ("the ALJ"). Tr. 60-99. On July 1, 2015, the ALJ issued a decision finding that Cefarilli was not disabled within the meaning of the Act. Tr. 47-55. On September 15, 2016, the Appeals Council denied Cefarilli's request for review. Tr. 1-7. Thereafter, Cefarilli commenced this action seeking review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation marks omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

### II. Disability Determination

An ALJ must follow a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71

(1986). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of his or her age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

The ALJ's decision analyzed Cefarilli's claim for benefits under the process described above. At step one, the ALJ found that Cefarilli had not engaged in substantial gainful activity since the application date. Tr. 49. At step two, the ALJ found that Cefarilli has the following severe impairments: panic disorder without agoraphobia, depressive disorder, post-traumatic stress disorder ("PTSD"), obesity, and right wrist carpal tunnel syndrome. Tr. 49. At step three, the ALJ found that these impairments, alone or in combination, did not meet or medically equal any Listings impairment. Tr. 50-51.

Next, the ALJ determined that Cefarilli retained the RFC to perform light work[3] with additional limitations. Tr. 51-53. Specifically, the ALJ found that Cefarilli can lift and carry up to 10 pounds; can sit for six hours but must change position after one hour, and can stand and walk for four hours; can occasionally deal with the general public or coworkers; and can only frequently finger/handle with her dominant hand. Tr. 51.

At step four, the ALJ found that Cefarilli cannot perform her past relevant work. Tr. 53. At step five, the ALJ relied on the VE's testimony and found that Cefarilli can adjust to other work that exists in significant numbers in the national economy given her RFC, age, education, and work experience. Tr. 54-55. Specifically, the VE testified that Cefarilli could work as an ampule sealer and surveillance system monitor. Tr. 54. Accordingly, the ALJ concluded that Cefarilli was not "disabled" under the Act. Tr. 55.

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, [the claimant] must have the ability to do substantially all of these activities. If someone can do light work, [the SSA] determine[s] that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

**II.      Analysis**

Cefarilli argues that remand is required because the ALJ failed to make a specific finding as to how stress affects her ability to work.[4]  ECF No. 9-1 at 14-17; ECF No. 14 at 1-4. Specifically, Cefarilli asserts that the ALJ erred when he gave "some weight" to the opinion of consultative examiner Adam Brownfeld, Ph.D. but ignored Dr. Brownfeld's opinion that Cefarilli is "moderately to markedly limited in . . . appropriately dealing with stress." *Id.*  The Court agrees.

"Because stress is 'highly individualized,' mentally impaired individuals 'may have difficulty meeting the requirements of even so-called 'low-stress' jobs,' and the Commissioner must therefore make specific findings about the nature of a claimant's stress, the circumstances that trigger it, and how those factors affect his [or her] ability to work." *Stadler v. Barnhart*, 464 F. Supp. 2d 183, 188-89 (W.D.N.Y. 2006) (citing S.S.R. 85-15, 1985 WL 56857 (S.S.A. Jan 1, 1985) and *Welch v. Chater*, 923 F. Supp. 17, 21 (W.D.N.Y. 1996) ("Although a particular job may appear to involve little stress, it may, in fact, be stressful and beyond the capabilities of an individual with particular mental impairments.")).  An ALJ must specifically inquire into and analyze a claimant's ability to manage stress. *Haymond v. Colvin*, No. 1:11-CV-0631 MAT, 2014 WL 2048172, at *9 (W.D.N.Y. May 19, 2014).

Here, the ALJ found that Cefarilli had the severe mental impairments of panic disorder without agoraphobia, depressive disorder, and PTSD.  Tr. 49.  The ALJ also noted that Cefarilli reported to one of her doctors that "she was depressed and stressed with caring for her ill father" and that she "stopped counseling because she was too stressed[.]"  Tr. 52 (citing Tr. 327).

---

[4]      Cefarilli advances other arguments that she believes warrant reversal of the Commissioner's decision.  ECF No. 9 at 11-14, 18-22.  However, the Court will not address those arguments because it disposes of this matter based on the ALJ's improper evaluation of Cefarilli's ability to handle stress.

Dr. Brownfeld opined that Cefarilli's psychiatric symptoms cause her to be "moderately to markedly limited in relating adequately with others and appropriately dealing with stress." Tr. 291. The ALJ's decision summarized Dr. Brownfeld's examination findings and opinion. Tr. 52 (citing Tr. 288-92). The ALJ afforded "some weight" to Dr. Brownfeld's opinion because he found it "partly inconsistent with [Cefarilli]'s own statements regarding socialization." *Id.* The ALJ concluded that Cefarilli's daily activities, including calling and texting others, getting married, and living with friends, suggest "a less than marked limitation[] in relating adequately with others." Tr. 52-53.

Although Social Security Ruling ("SSR") 85-15 emphasizes the need to carefully evaluate a claimant's ability to deal with stress in the workplace, *see* S.S.R. 85-15, 1985 WL 56857, at *5-6 (S.S.A. Jan 1, 1985), the ALJ failed to make specific findings concerning the nature of Cefarilli's stress, the circumstances that trigger it, and how those factors affect her ability to work. Despite the Commissioner's argument to the contrary (ECF No. 13-1 at 19 n.4), limiting Cefarilli to unskilled work did not satisfy the ALJ's obligation to specifically analyze her ability to deal with stress. *See Collins v. Colvin*, No. 15-CV-423-FPG, 2016 WL 5529424, at *3 (W.D.N.Y. Sept. 30, 2016). SSR 85-10 states that "[a] claimant's condition [due to stress and mental illness] may make performance of an unskilled job as difficult as an objectively more demanding job." *Id.* at *6. The Ruling also emphasizes that "the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job." *Id.*; *see also Hendrickson v. Astrue*, No. 5:11-927, 2012 WL 7784156, at *8 (N.D.N.Y. Dec. 11, 2012) (discussing S.S.R. 85-10 and finding that the ALJ erred when he failed to make particularized findings about the claimant's ability to handle stress).

Although the Commissioner offers several reasons why she believes the ALJ failed to adopt Dr. Brownfeld's opinion as to Cefarilli's ability to handle stress, the ALJ's decision did not give any of these reasons and solely addressed Dr. Brownfeld's opinion as to Cefarilli's ability to adequately relate with others. Tr. 52-53. The Commissioner may not substitute her own rationale when the ALJ failed to provide one. *See Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (quotation marks and citation omitted).

Given the evidence described above and the considerations articulated in SSR 85-10, the Court finds that the ALJ's failure to address Cefarilli's ability to handle stress is an error that requires remand. *See, e.g.*, *Cooley v. Berryhill*, No. 6:16-CV-06301-EAW, 2017 WL 3236446, at *12 (W.D.N.Y. July 31, 2017) (remanding where the ALJ did not expressly discuss the plaintiff's ability to deal with stress and finding that "[t]he RFC assessment, including limiting Plaintiff to 'simple, routine, repetitive tasks; no interaction with the public; occasional interaction with supervisors and coworkers,' neither addresses nor expressly accounts for Plaintiff's specific stress limitations"); *Booker v. Colvin*, No. 14-CV-407S, 2015 WL 4603958, at *3 (W.D.N.Y. July 30, 2015) (remanding where the ALJ failed to make a specific finding as to the plaintiff's ability to handle stress and to explain the "low-stress" limitations included in the RFC assessment).

## CONCLUSION

Plaintiff's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 13) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124

(2d Cir. 2000); 42 U.S.C. § 1383(c)(3).  The Clerk of Court is directed to enter judgment and close this case.

       IT IS SO ORDERED.

Dated: October 14, 2017
       Rochester, New York

                                            _____
                                            HON. FRANK P. GERACI, JR.
                                            Chief Judge
                                            United States District Court